(15 Misc. Rep. 126.)

FINN et al. v. DUFFY et al.

(Common Pleas of New York City and County, General Term.    December 27, 1895.)

EVIDENCE—WEIGHT AND SUFFICIENCY.
    In an action to recover $1,000 alleged to have been paid to defendant by plaintiff in 1883, and deposited in defendant's name for plaintiff's benefit, plaintiff's claim was supported only by her own testimony.  She could not remember the date of the transaction, but testified that it occurred on the same day that she deposited $480 in the same bank.  The bank records

showed no deposit by defendant on that date, though defendant deposited $1,000 nine months before that time. The fact that defendant had $1,000 available for deposit was proved, but plaintiff's possession of such a sum was not clearly shown; and while, in support of plaintiff's testimony that at the time of the alleged deposit defendant had handed to her the bank book, it appeared that the same was actually produced at the bank by plaintiff in 1892, defendant proved by uncontradicted testimony that in 1888 plaintiff had shown two bank books to her brother,—each in her own name,—and had stated to him that they were the only books she had. *Held* insufficient, in view of the lapse of time, to support a judgment for plaintiff.

Appeal from trial term.

Action by Peter Finn and Margaret Finn against Jane Duffy and the Greenwich Savings Bank. Judgment was entered in favor of plaintiffs, and defendant Duffy appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas F. Murtha, for appellant.

James Nixon, for respondents.

BISCHOFF, J.   The plaintiffs instituted this suit to obtain a judgment declaring a certain fund of $1,000, deposited in the year 1883 by the defendant with the Greenwich Savings Bank, to be their property, alleging that this fund had been paid, at the time of the deposit, to the defendant by the plaintiff Margaret Finn, with the request that it be deposited in the defendant's name for such plaintiff's benefit, and withdrawn from the bank and paid over to her when required. Judgment was rendered in favor of the plaintiffs, and the facts are now brought before us for review.

In view of the lapse of time between the deposit and the plaintiffs' demand, the fact that the defendant was the actual depositor, and so presumptively the owner, and having in mind the gravity of the situation as bearing upon the security of property, we must expect to be confronted with very persuasive evidence of the plaintiffs' right to a recovery in an action of this nature in order that such recovery may be upheld. We have, in this case, the testimony of the plaintiff Margaret Finn alone in support of the fact that the deposit had been made by the defendant under the circumstances as claimed; but can we be satisfied with this, in view of the character of the evidence? The witness testified that she had lived, during the past 11 years, in the same street, but did not know its name. She could only state that it was some-where uptown. Asked as to the date of the transaction in suit, she could not give it, but stated that the fund of $1,000 was deposited by the defendant upon the day when a deposit of $480 was made by her (plaintiff) in the same bank, but to an individual account. That no deposit was made by Jane Duffy upon that day appears from the records of the bank, but it does appear that such defendant deposited $1,000 nine months before the witness made her deposit of $480. The fact that Margaret Finn had the sum of $1,000 available for deposit, at the date of the deposit by the defendant, was also in some doubt. Her husband and coplaintiff testified that she had a sum of money at that time, but did

not specify nor approximate the amount. He saw her put it in her trunk, and told her to save it. No explanation was made as to the derivation of the $480 which she actually deposited, and there is some significance to be attached to this. On the other hand, the testimony of the defendant, in direct contradiction of the plaintiff Margaret, is intelligent, explicit, and unshaken, and the source of the money deposited by her is explained by her employer, Mrs. O'Brien, for whom she worked as a domestic servant for over 11 years. Furthermore, the defendant is corroborated by disinterested testimony as to circumstances occurring during the interval since the deposit was made. The evidence of the witness Spellman, adduced to show an admission by the defendant that this fund belonged to the plaintiffs, failed of its object, since the witness, if believed in the face of direct contradiction, testified merely to statements of her own, and an answer by the defendant which could well be viewed as consistent with some contemplated tender of charity to her sister the plaintiff.

Importance has been attached to the fact that the bank book in the defendant's name was actually produced by Margaret Finn at the bank in 1892, this being relied upon in support of the plaintiff's story, as denied by the defendant, that at the time of the deposit the defendant had handed the book to her. In explanation the defendant testified that the book was missed by her some months after a robbery of her apartments, in 1890, had taken place, and that she had notified the bank of the fact. As to whether or not this robbery had any bearing upon the plaintiff's possession nothing was shown, and we assume that it had not; but this mere fact of the plaintiff's possession of the book in 1892, while it may not be expressly accounted for otherwise than by her statement, does not control the case, in view of the uncontradicted testimony of Terence Duffy, the brother of Margaret and Jane, a witness apparently uninterested in the result, that in 1888 Margaret had shown him two bank books, each in her own name, showing an aggregate balance of $1,500, and had stated that those were all the books which she had at that time. We think that the justice of the case at least calls for another trial.

Judgment reversed, and new trial ordered, with costs to abide the event. All concur.